Thank you. Robert Rainwan on behalf of Steven Patton, the petitioner appellant. There are basically two issues we raise in this appeal. The first I'd like to address is the question of whether or not he exhausted his claim in the state courts. It's our contention that a fair reading of both his PCR petition and his appellate brief is that he fairly presented his claim to the state courts. He set forth the facts of his claim that there was a plea agreement in Washington County, that that plea was violated by filing of charges in another county which was precluded by the plea agreement, and that no attempt by either counsel in state court was made to remedy this breach of the plea agreement. He then cited Chisholm. Kennedy Did he take the position that the Washington attorneys, Washington County attorneys, didn't do anything wrong? Robert Rainwan I'm sorry? Kennedy In his PCR, didn't he take the position that the Washington County attorneys didn't do anything wrong, and it was simply the district attorneys in Clackamas County and Washington County who deprived him of his Fifth Amendment rights because they didn't stand by their agreements? Robert Rainwan Well, I mean, he went up, he said, my attorneys didn't do anything wrong, in oral argument. Kennedy Well, I understand he made oral argument that I think went all over the place. Robert Rainwan He made a strategic decision at that time to put the blame on the government attorneys, not on his attorney. Now, isn't that pretty much of a waiver? Didn't work. Didn't work. I don't see it as being necessarily a waiver. I see it as being a Martinez v. Ryan problem, and that he was ineffective in raising the only real claim that was there and the claim that was granted by the court. Kennedy I don't think we're going to get any cases without Martinez these days. Robert Rainwan Probably not. Kennedy Go ahead. Robert Rainwan I understand the Court's concern in that, because I think the attorney in the PCR petition takes several different positions. He takes one position inconsistent with his client about what the remedy should be, but it's clear what the client wants, and that is rescission of the plea agreement. And it's our petition, our position that his client really wants that at the time. I mean, it's easy to say that now, but at the time, wasn't he still in jail? Kennedy Yes. Robert Rainwan So is he really eager to go back to trial and to face a longer sentence? I mean, realistically now, although in theory he could be sent back to prison by being given a longer sentence, it's really impossible to see how that happens. So at this point, he's with house money. He's served his time. He's hoping to get out from under the sex offender obligations. That wasn't the situation at the time, so I'm not so sure it's so easy to say at that time what he wanted was the possibility of going back to trial and getting a longer sentence. Kennedy Well, I think it's pretty clear on the record that his attorney stated on the record that the client, Mr. Patton, wanted to go back to square one. That was the remedy he wanted. Now, the attorney didn't think that was a good idea, and it may not be a good idea. Roberts And it plainly wouldn't have been a good idea if he really could have gotten more time. Kennedy Well, he also could have been acquitted. I don't know. We ---- Roberts Well, do we really think that's the case? I mean, he pled guilty twice, and there's no claim here of actual innocence. So I don't think there's any basis for us to presume that acquittal was in the cards. Kennedy I think there is, because obviously this was a very attractive plea agreement. Sometimes people decide not to take the chance to go to trial because of an attractive plea agreement where he's facing 30 years. And he, at the time, decided, given the bargain, that he would take it. And once they violated it, I don't think it's unreasonable then to go back and say, I want to reevaluate this and either get a better deal or maybe I'll just go to trial and not accept this offer. Roberts So now he's gotten his bargain. What's unfair about saying, okay, that's the end of the day? Kennedy Well, I don't think it neutralized the taint of the ineffective assistance just to dismiss the Clackamas County petition. Roberts Nice in theory, what's it mean? Because, in fact, that's what he bargained for, dismissal or non-prosecution in Clackamas County. Kennedy He did bargain for that, but it happened. But in the end, how is it today he hasn't gotten exactly what his bargain was? Roberts Well, because he didn't get to go back and make his own decision about what his plea agreement should be or whether he should go to trial. Kennedy He made his own decision. He made a decision to plead guilty in Washington County, one part of that being he wouldn't be prosecuted in Clackamas County. He was prosecuted in Clackamas County, but that's been thrown out now. So how is it he's not gotten his bargain? Roberts At the time, it wasn't thrown out. It was only thrown out later. He should have been able to go back and receive effective assistance of counsel at the time and made an informed decision with a counsel who represented him properly. You know, at this time, he still faces prejudice. Kennedy The Strickland prejudice prong for ineffective assistance of counsel isn't satisfied by saying, well, there was ineffective assistance of counsel, and so I get to go back again. I mean, the point of Strickland is you've got to have deficient performance and prejudice. And prejudice isn't satisfied just by having had ineffective assistance of counsel. Otherwise, there would be no second prong. So what's the second prong here? What's the harm? What's the prejudice? Roberts I think the Supreme Court in Lafleur, this Court in Uribe indicate the harm is you didn't receive the effective assistance of counsel in order to go through the plea bargain process. And he was entitled to go through the plea bargain process with this effective assistance of counsel, and that's what he didn't get here. And that's what he's saying is the prejudice. And he should have been entitled to go back and evaluate it in light of the new circumstances, the actual filing in Clackamas County. If there's no further questions, I would reserve the rest of my time for rebuttal. If you may. Kagan May it please the Court. Carolyn Alexander for Respondent Don Mills. I'd just like to make a couple of comments, unless the Court has further questions for me at the moment. First, on procedural default, there's one overarching reason why these claims are defaulted. And that's because in the post-conviction proceeding, the post-conviction court granted relief. Petitioner raised counsel claims, he raised a plea claim. Post-conviction court essentially said, well, something bad happened. You didn't get the benefit of your bargain, so I'm going to give you relief. And he did, vacated the Clackamas County conviction. So on appeal, Petitioner couldn't have raised the counsel and plea claims. He got relief. The only thing he could raise on appeal was that the post-conviction court erred under State law when it didn't impose the proper remedy. He didn't cite any Federal cases for the proposition that Federal law requires a different remedy. He cited only State law, case law, to indicate that the post-conviction court erred in giving him the remedy that he did. That's why the case is in a bit of a weird posture now, is because of that procedural default. As to the merits, absolutely right, these are Strickland claims. Post-conviction court found, as a matter of fact, his attorneys didn't do anything wrong. The Washington County attorney, Butler, didn't find out about the breach until 4 months later. Under Oregon law, you can't withdraw a plea 4 months later. You have to do it before judgment enters. So he couldn't do anything at that point. The record also shows that Clackamas County attorney Bernstein contacted, excuse me, contacted the Clackamas County DAs and said, hey, look, there was this deal. There was a miscommunication between the Clackamas County DAs, two different DAs. Something happened. As the post-conviction court said, Clackamas County didn't think that the Washington County DA had authority to bind them. Whatever, miscommunication. He ended up with this conviction. Post-conviction court recognized that, vacated the Clackamas County conviction and gave him the benefit of his bargain. So what it comes down to on the merits is whether the post-conviction court was required to impose a different remedy. The remedy of rescission. There's nothing under Oregon State law that requires that. There's nothing under Federal law that requires that. In fact, Federal cases, Santabello, Adamson, and even this Court's opinion in Buckley v. Terhune says it's the discretion of the State court. State court is in the best position to determine what happened, what the breach was, and the best remedy for the breach. And that's exactly what happened here. And Judge Clifton, as you point out, he served his sentence. So under this Court's case law, Buckley, Johnson, I believe, v. Uribe, that we both cited, you can't go back, because rescission doesn't address the constitutional violation. It doesn't repair the harm that the breach caused, which was that extra Clackamas County conviction. And, two, in terms of prejudice, what's the best remedy for the breach? Let me ask you this. Yes, Your Honor. Even though vacated by the PCR court, does the Clackamas County conviction retain any effect as to the appellant here? Does it have any supervised release? He's not an immigrant. Nothing, Your Honor. It's gone. It's gone. It's gone. And so he's all that's left is he's got some parole to finish, and he has to register as a sex offender under the Washington County convictions, exactly. And so in his deposition in the post-conviction proceeding, Petitioner said, I got a good deal. If I had just gotten the 99 months, I never would have even appealed. Post-conviction court considered that testimony when it said the proper relief in this circumstance is vacation of the Clackamas County conviction to give him the benefit of his bargain. Thank you. Thank you. Mr. Boehme. I would just point out that in terms of the harm, he is more than just registers as a sex offender. He has to register as a sexual predator, and I believe it's because of both convictions. Whether they've been taken off his record, the one in Clackamas County or not, it still requires him now to not only register as a sexual offender, but a sexual predator. Would he have not had that requirement? Now, I guess I'm not hearing what you're saying. Is the conviction in Washington County insufficient to impose that requirement? It took the second conviction to impose that requirement? I'm not an expert on Oregon law in that regard, so I hesitate to answer that question. But see, that would be prejudice. Because that would be a continuing effect of a second conviction, which the State has now said shouldn't have been there. And that's something, it seems to me, that the vacating of that conviction by the post-conviction relief court would have accomplished. If you're telling us that hasn't been accomplished, it sounds like he may have something to do, but he could do that back in State court. I think it's like any other, you know, if it's on your record, even if you win on appeal, it still counts in terms of, you know, consequences with registering or... If Oregon can, I mean, that may be a whole separate lawsuit. It strikes me as unlikely that a conviction that's set aside on appeal will still impose sexual predator registration requirements. It seems to me there's a great constitutional claim there if that's true, but that's not this lawsuit. It's not expunged from your record. I mean, it's still on your record, right? But if an appeal is set aside, sets aside a conviction, then the conviction is not there. And I've never heard of a system whereby a conviction that is set aside on appeal still has that lasting effect. Well, there is an example... If that's the state of affairs in Oregon, I suggest that your client may have an excellent cause of action for that. But I don't think that's part of this lawsuit.  Thank you. Thank you. The case just argued is submitted.
judges: Tashima, Clifton, Bea